## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  00-14053-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

**SHANNIMA SESSIONS,**

      **Defendant.**

_____/

FILED by _____ D.C.

JUN 1 8 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING REGARDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE [D.E. #37]

**THIS CAUSE** having come on to be heard for a final evidentiary hearing in respect to the Petition Alleging Violations of Supervised Release [D.E. #37] on June 18, 2014, and this Court having received evidence and arguments of counsel recommends to the District Court as follows:

1.    The Petition signed by Judge Moore on July 31, 2013 alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 18, 2013, in Highlands County, Florida, the defendant did commit the offense of possession of cocaine with intent to sell/deliver, contrary to Florida Statute 893.13.1. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 18, 2013, in Highlands County, Florida, the defendant did commit the offense of possession of methamphetamine with intent to sell/deliver, contrary to Florida Statute 893.13.1. |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 18, 2013, in Highlands County, Florida, the |

defendant did commit the offense of use or possess drug paraphernalia, contrary to Florida Statute 893.147.1.

**Violation Number 4**    **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 18, 2013, in Highlands County, Florida, the defendant did commit the offense of tamper or fabricate with physical evidence, contrary to Florida Statute 918.13.

**Violation Number 5**    **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 18, 2013, in Highlands County, Florida, the defendant did commit the offense of introduce contraband into a county detention facility, contrary to Florida Statute 951.22.

**Violation Number 6**    **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about July 18, 2013, in Highlands County, Florida, the defendant did commit the offense of introduce contraband into a county detention facility, contrary to Florida Statute 951.22.

2.    At the outset of the final hearing, counsel for the government and counsel for the Defendant announced that they had come to an agreement wherein the government would amend the Petition Alleging Violations of Supervised Release to reflect that Violation 1 would allege that the Defendant committed the offense of possession of cocaine in Highlands County on July 18, 2013 as opposed to the charge set forth in the Petition which is possession of cocaine with intent to sell/deliver.  This proposed amendment would comply with the record in the Defendant's state case in Highlands County, Florida wherein the Defendant pled nolo contendre on June 2, 2014 to the lesser charge of possession of cocaine and to introduction of contraband into a county detention facility.  The government offered Government's Exhibit No. 1 which is a certified copy of the State Judgment and

2

Conviction in the Highlands County Circuit Court case.  The exhibit was admitted into evidence at this hearing without objection from the Defendant.

3.      This Court questioned whether or not the government has the ability to amend the Petition which was signed by U. S. Probation Officer Farinacci under oath and then by Judge Moore. After AFPD Birch conferred with AUSA Acosta, they both suggested that the Court conduct the final evidentiary hearing in respect to this Petition Alleging Violations of Supervised Release and take into consideration the evidence and testimony submitted to this Court at the Detention Hearing on June 6, 2014 as well as Government's Exhibit No. 1 admitted into evidence at this hearing to confirm the Defendant's judgment and conviction in Highlands County.  The Defendant would not present any evidence nor argument in opposition to the evidence submitted by the government in respect to Violations Numbers 1 and 5 of the Petition.  Further, the government would not present any further evidence and would not proceed any further in respect to Violations Numbers 2, 3, 4 and 6 of the Petition before this Court.

4.      The concern of AFPD Birch was that the Defendant not admit Violation Number 1 of the Petition which presently alleges possession of cocaine with intent to sell/deliver since the Defendant was not convicted of that charge in Highlands County. He pled nolo contendre and was convicted of a lesser felony of possession of cocaine.  AFPD Birch would not have any evidence in opposition to Violation Number 5 of the Petition which charges the Defendant with introduction of contraband into a county detention facility, being the same underlying criminal conduct to which the Defendant pled nolo contendre in Highlands County Circuit Court.

5.      In order to make certain that the Defendant understood what was being proposed by his attorney and the attorney for the government, this Court questioned the Defendant on the record.  After questioning the Defendant, this Court is satisfied that the Defendant understood that all of this evidence, including the evidence and record from the Detention Hearing, will be incorporated into the record for this final hearing.  Further, the Defendant understood that, based upon all evidence received, this Court will recommend that the Defendant be found to have violated his supervised release in respect to Violation Number 1 insofar as the government has submitted evidence to support a charge of possession of cocaine only and not possession of cocaine with intent to sell/deliver. Further, the Defendant understood that based upon the evidence submitted this Court will additionally recommend that the Defendant be found to have violated his supervised release in respect to Violation Number 5 of the Petition which correlates to the additional charge that the Defendant pled nolo contendre to in the Highlands County Circuit Court. Further, the Defendant understood that the government will not be proceeding further in respect to Violations Numbers 2, 3, 4 and 6 of the Petition and that this Court will recommend that the Defendant be found to have not violated his supervised release in respect to those violations.  Finally, the Defendant understood all that will remain is for Judge Moore to conduct a sentencing hearing for final disposition of this matter.

6.      Government's Exhibit No. 1 admitted into evidence is the Judgment and Conviction from the Highlands County Circuit Court, Case No. 13000638CFAXMX.  This exhibit reflects that on June 2, 2014 the Defendant pled nolo contendre to possession of cocaine and introduction of contraband into a county detention facility. The remaining state charges for which the Defendant was arrested on or about July 18, 2013 were dropped by

4

the state at that time.  The Defendant was sentenced to a period of three hundred sixty-four (364) days incarceration on each count to run concurrently with credit for time served.

7.    USPO Ramos was present at this final hearing for cross-examination by counsel for the Defendant.  Counsel for the Defendant announced on the record that she had no questions of USPO Ramos and had no further evidence or argument to submit to the Court.   The Defendant agreed that this Court could make its findings and recommendation to the District Court based upon the record submitted as this Court's findings reflect above.

8.    Based upon the evidence of record received by this Court at the Detention Hearing and Government's Exhibit No. 1, this Court recommends that the Defendant be found to have violated his supervised release in respect to Violation Number 1 of the Petition only insofar as the evidence supports the charge of possession of cocaine and not possession of cocaine with intent to sell/deliver.  Further, this Court recommends that the Defendant be found to have violated his supervised release in respect to Violation Number 5 of the Petition which is introduction of contraband into a county detention facility.  Both the possession of cocaine and the introduction of contraband charges occurred in Highlands County, Florida, on July 18, 2013.  Further, this Court recommends to the District Court that the Defendant be found to have not violated his supervised release in respect to Violations Numbers 2, 3, 4 and 6 of the Petition which the government has decided to not present any further evidence in support of.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release consistent with this Court's findings set forth herein in respect to Violation Number 1 only insofar as the evidence supports a

charge of possession of cocaine and in respect to Violation Number 5 of introduction of contraband into a county detention facility and the Defendant to be found to have not violated his supervised release in respect to the remaining Violations 2, 3 4 and 6 of the Petition, and that a sentencing hearing be set at the District Court's earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of June, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
Pretrial Services (USPO Ramos)
U. S. Marshal

6